UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| DEBORAH AKUOL DENG,<br><br>Plaintiff,<br><br>vs.<br><br>LUTHERAN SOCIAL SERVICES OF SOUTH DAKOTA,<br><br>Defendant. | 4:18-CV-04071-RAL<br><br>OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL AND DENYING PLAINTIFF'S IFP APPLICATION WITHOUT PREJUDICE TO REFILING |

Deborah Deng (Deng) brought this suit pro se against Lutheran Social Services of South Dakota (LSS) on June 21, 2018. Doc. 1. At the time of filing, Deng sought to proceed in forma pauperis, filing a Motion for Appointment of Counsel and an affidavit in support of this motion, Doc. 4, as well as an Application to Proceed in District Court without Prepaying Fees or Costs, Doc. 3. For the reasons stated below, this Court denies Deng's Motion for Appointment of Counsel and denies without prejudice to refiling her Application to Proceed in District Court without Prepaying Fees or Costs because she has not satisfactorily disclosed the necessary financial information to this Court.

I. **Alleged Facts and Procedural Background**

According to her complaint, Deng was employed by LSS in Sioux Falls, South Dakota when she injured her knee in April 2015. Doc. 1 at 1. She was delayed in having her knee injury treated and on February 24, 2017, underwent surgery on it. Doc. 1 at 3. Before her operation, Deng requested medical leave from LSS. Doc. 1 at 3. She provided LSS with a note from her

1

treating physician and Family Medical Leave Act (FMLA) paperwork. Doc. 1 at 3. Her supervisor approved her request for medical leave. Doc. 1 at 3. On February 23, 2017, the day before her procedure, Deng was informed that her employment would be terminated due to downsizing of her division on March 10, 2017, a date when Deng still would be on FMLA leave. Doc. 1 at 3. Deng's supervisor told her that she could apply to be rehired for the division's available positions, which had been reduced from five to three. Doc. 1 at 3. Although she applied to be rehired by the division, Deng was not offered a position by LSS. Doc. 1 at 3.

On June 21, 2018, Deng filed not only her Complaint, but also an Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 3. The application form was incomplete, containing no information whatsoever regarding Deng's income and assets. Doc. 3. Deng also filed a Motion to Appoint Counsel which stated that she had unsuccessfully sought to obtain counsel and could not afford reasonable attorney's fees. Doc. 4.

**II.     Discussion**

Deng alleges that LSS violated FMLA, the Americans with Disabilities Act, and Sioux Falls Municipal Code § 98.003[1] by terminating her. Doc. 1 at 3. She seeks to recover $8,000 in compensatory damages for her medical expenses, plus court fees.

Deng's Application to Proceed in District Court Without Prepaying Fees or Costs is incomplete and lacks necessary information regarding Deng's finances. If Deng is in fact indigent, this Court has authority under 28 U.S.C. § 1915(a)(1) to allow her to proceed without paying the filing fee.

---

[1] Deng alleges LSS violated her rights "protected by Code of Ordinances of Sioux Falls, South Dakota, Chapter 98," likely seeking to invoke § 98.003, which prohibits employers from failing or refusing to hire or discharging an individual on the basis of disability. This is a claim over which there is no separate federal jurisdiction, although this Court may exercise supplemental jurisdiction over such a claim if any of Deng's federal law claims are viable.

> [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person][2] possesses that the person is unable to pay such fees or give security therefor.

28 U.S.C. § 1915(a)(1). However, Deng disregarded the instruction on the form to "[c]omplete all questions in this application" and "[d]o not leave any blanks: if the answer to a question is '0,' 'none,' or 'not applicable (N/A),' write that response." Doc. 3. Deng's filing was largely blank, providing the Court insufficient information to determine whether she is eligible to proceed without prepaying fees. Consequently, Deng's application, Doc. 3, is denied, but she may resubmit a completed application.

This Court also denies Deng's Motion for Appointment of Counsel, Doc. 4. "There is no constitutional or statutory right for an indigent to have counsel appointed in a civil case." Nelson v. Redfield Lithograph Printing, 728 F.2d 1003, 1004 (8th Cir. 1984). However, a court "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). The test employed to determine whether to appoint counsel is "whether both petitioner and the court would benefit from the assistance of counsel." Nachtigall v. Class, 48 F.3d 1076, 1081 (8th Cir. 1995). In this instance, appointing counsel is inappropriate because Deng has not established herself to be indigent and because at this early point it assists the Court little to have counsel appointed. Deng has managed to file a comprehensible complaint and outlined her claims for the Court.

### III. Conclusion

---

[2] The text of 28 U.S.C. § 1915(a)(1) reads "prisoner" rather than "person" here, but other courts have found that the use of "prisoner" rather than using the word "person" again in the provision was unintentional. See Waltner v. United States, 93 Fed. Cl. 139, 141 n.2 (Fed. Cl. 2010) ("Congress did not intend for non-prisoners to be barred from being able to proceed *in forma pauperis* in federal court.").

3

For the reasons stated above, it is hereby

ORDERED that Deng's Application to Proceed in District Court without Prepaying Fees or Costs, Doc. 3, is denied without prejudice to completing and resubmitting a new, properly completed application. Deng shall have until August 10, 2018, either to pay the full filing fee and arrange service OR to complete in full the Application to Proceed without Prepaying Fees and Costs. It is further

ORDERED that Deng's Motion for Appointment of Counsel, Doc. 4, is denied.

DATED this 12th day of July, 2018.

BY THE COURT:

ROBERTO A. LANGE
UNITED STATES DISTRICT JUDGE